UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EDUARDO CHAPARRO-ESQUIVEL,

Petitioner,

v.

RICK HILL, Warden,

Respondent.

Case No. 18-01749 VKD (PR)

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 1, 2

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction out of San Francisco County Superior Court.[1] Petitioner has paid the filing fee. Dkt. No. 7.

I. **STANDARD OF REVIEW**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

---

[1] Petitioner consented to magistrate judge jurisdiction. Dkt. No. 8. The matter was reassigned to the undersigned on June 4, 2018, after Magistrate Judge Lloyd retired. Dkt. No. 11.

## II. DISCUSSION

Petitioner raises the following claims for federal habeas relief:

(1) the admission of evidence of a traffic stop twenty months before the charged offense and Petitioner's racist remarks to an officer during that stop violated his right to a fair trial, (Dkt. No. 2, Ex. A);

(2) the trial court's use of jury instruction CALCRIM No. 370, which instructed that the state was not required to prove that Petitioner had a motive to commit the offense charged, violated his right to a fair trial because it lessened the state's burden of proof, (*id.*, Ex. B);

(3) the trial court violated his right to a fair trial in refusing to add the factor of "intoxication" to the list of considerations in jury instruction CALCRIM No. 226, even though that factor was supported by the evidence, (*id.*, Ex. C); and

(4) the state appellate court erred in refusing to unseal the reporter's transcript of the in camera *Brady* hearing conducted by the trial court on August 9, 2012, which concerned material disclosed to the trial court (but not to Petitioner) by the San Francisco Police Department about certain members of the Department, (*id.*, Ex. D).

Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state court trial record that have been transcribed previously and that are relevant to a determination of

the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. Petitioner bears the responsibility to prosecute this case. Petitioner is reminded that all documents and communications with the Court must be served on Respondent by mailing a true copy of the document or communication to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 1, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

Order to Show Cause
PRO-SE\BLF\HC.18\01749Chaparro-Esquivel_osc

3